Case 16-01023   Dec 9   Filed 02/22/16   Entered 02/22/16 16:01:35   Desc Summons in
an Adversary   Page 1 of 2

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re    Romulo A Rodrigues–Aguiar | Related Bankruptcy Case: 15–12640 |
|          Debtor | Chapter 7 |
| | Judge Melvin S. Hoffman |
| Source One Financial Corporation | Adversary Proceeding: 16–01023 |
|        Plaintiff | |
| vs. | |
| Romulo A Rodrigues–Aguiar | |
|        Defendant | |

A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

### SUMMONS IN AN ADVERSARY PROCEEDING

**YOU ARE SUMMONED** and required to file a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer within 35 days.

**ANSWER DUE: 3/14/16**

       Address of Clerk:

            U. S. Bankruptcy Court
            J.W. McCormack Post Office & Court House
            5 Post Office Square, Suite 1150
            Boston, MA 02109–3945

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

       Name and Address of Plaintiff's Attorney:

            Michael Grant
            LeClair Ryan, P.C.
            One International Place
            11th Floor
            Boston, MA 02110

If you make a motion, your time to answer is governed by FRBP 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Date:2/11/16

                                     James M. Lynch
                                     Clerk, U.S. Bankruptcy Court

                                     By the Court,



                                     Miguel A. Lara
                                     Deputy Clerk
                                     (617) 748– 5331

1-617-502-8201                          01:14:12 p.m.      02-12-2016        4/26

Case 16-01023    Doc 9    Filed 02/22/16    Entered 02/22/16 17:07:45    Desc Main
Case 16-01023    Doc 9    Filed 02/11/16    Entered 02/11/16 16:01:35    Desc Summons in
an Adversary    Page 2 of 2
Document    Page 2 of 26

Chapter 7
Adversary Proceeding: 16-01023
Judge Melvin S. Hoffman

## CERTIFICATE OF SERVICE

I, _____ (name), certify that service of this summons and a copy of the complaint was made : _____ (date) by:

☐  Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

☐  Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

☐  Residence Service: By leaving the process with the following adult at:

☐  Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

☐  Publication: The defendant was served as follows: [Describe briefly]

☐  State Law: The defendant was served pursuant to the laws of the State of_____ as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

_____                    _____
Date                                             Signature

| |
|---|
| Print Name |
| Business Address |
| City          State          Zip |

1-617-502-8201
01:14:21 p.m.   02-12-2016   5/26

Case 16-01023   Doc 9   Filed 02/22/16   Entered 02/22/16 17:07:45   Desc Main
Case 16-01023   Doc 1   Filed 02/11/16   Entered 02/11/16 16:10:04   Desc Main
Document   Page 1 of 22

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (Eastern Division)

-----------------------------------------------------------X

In re:

Romulo A. Rodrigues-Aguiar,

     Debtor.

     Chapter 7

     Case #: 15-12640

-----------------------------------------------------------X

Source One Financial Corporation,

     Plaintiff,

v.

     Adv. Proc. No.:_____

Romulo A. Rodrigues-Aguiar,

     Defendant.

-----------------------------------------------------------X

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Source One Financial Corporation ("Plaintiff" or "Source One"), through its

attorneys, LeClairRyan, A Professional Corporation, for its Complaint against Romulo A.

Rodrigues-Aguiar ( "Defendant" or "Aguiar"), alleges as follows:

### INTRODUCTION

1.     This is an action pursuant to Rules 4007 and 7001 of the Federal Rules of

Bankruptcy Procedure for a determination that the debts owed by Defendant to Plaintiff

are not dischargeable under §§ 523(a)(2)(A), (a)(4), and (a)(6) of the Bankruptcy Code.

2.     Plaintiff asserts claims sounding in fraud and conversion against Defendant

as a result of, among other things, Defendant's misappropriation and conversion of funds

1-617-502-8201                                01:14:30 p.m.    02-12-2016        6 /26

Case 16-01023   Doc 9   Filed 02/22/16   Entered 02/22/16 17:07:45   Desc Main
Case 16-01023   Doc 1   Filed 02/11/16   Page 4 of 22 6/16 16:10:04   Desc Main
                        Document        Page 2 of 22

obtained from Source One under false and fraudulent pretenses. Plaintiff believes that substantial additional evidence supporting the allegations set forth herein will be obtained after he has a reasonable opportunity for discovery.

## PARTIES

3.    Plaintiff is a Massachusetts company with a principal place of business located at 183R Washington Street, Norwell, Massachusetts.

4.    Defendant is an individual who, upon information and belief, resides at 19 One Salem Street, Swampscott, Massachusetts.

## JURISDICTION AND VENUE

5.    On July 2, 2015 (the "Petition Date"), the Defendant filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts.

6.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and § 1334 and 11 U.S.C. § 523.

7.    As such, this matter is a core proceeding under 28 U.S.C. §157 (b)(2)(A) and (I).

8.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## ALLEGATIONS COMMON TO EACH COUNT

9.    Source One is in the business of purchasing and servicing retail installment contracts from motor vehicle dealerships in Massachusetts and other states.

10.   Prior to the Petition Date, Aguiar was in the business of buying and seller

motor vehicles through his dealership Supreme Cars, Inc. ("Supreme Cars").

11.    On or about February 8, 2005, Source One and Supreme Cars entered into a certain Source One Financial Dealer Agreement (the "Dealer Agreement") wherein the parties agreed to the terms upon which Source One would purchase retail installment contracts from Supreme Cars. A true and accurate copy of the Agreement is attached as Exhibit A and incorporated herein by reference.

12.    One of the terms upon which Source One agreed to purchase retail installment contracts from Supreme Cars is that the vehicle given as security for the contract is properly registered and the certificate of title shall reflect Source One's first priority lien in the vehicle.

13.    Augiar personally guaranteed Supreme Cars' obligations under the Agreement. See Ex. A, p. 9.

14.    The Agreement contains a full recourse provision, pursuant to which Supreme Cars and Defendant agreed to retain responsibility for all payments owed on any retail installment contract purchased by Source One.

15.    Within forty five (45) days of the Petition Date, Source One purchased sixteen (16) retail installment contracts for a total of $264,295.00 from Supreme Cars based on Defendant's representation that the vehicles pledged as security for the contracts were properly registered and the certificates of title reflecting Source One's first priority lien would be delivered to Plaintiff in short order.

16.    Defendant's representations to Source One were false. In fact, neither

1-617-502-8201                                                          01:14:51 p.m.    02-12-2016          8 /26

Case 16-01023    Doc 9    Filed 02/22/16    Entered 02/22/16 17:07:45    Desc Main
Case 16-01023    Doc 1    Filed 02/11/16    Entered 02/11/16 16:10:04    Desc Main
                                 Document        Page 4 of 22

Defendant nor Supreme Cars ever registered any of the 16 vehicles and, further, never

delivered certificates of title for said vehicles to Source One.

17.    The monies Source One paid to Supreme Cars to purchase the 16 contracts

was not deposited into Supreme Cars' bank account.

18.    Upon information and belief, Defendant absconded with the proceeds and

converted the funds from Plaintiff for his own use.

19.    On or about June 4, 2015, Source One loaned $50,000 to Supreme Cars and

Defendant. The loan is evidenced by a Promissory Note dated June 4, 2015. A true and

accurate copy of the Promissory Note is attached as Exhibit B.

20.    Source One loaned the monies based on Defendant's promise to repay.

21.    Upon information and belief, Defendant had no intention of repaying the

loan at the time he signed the Promissory Note in his individual capacity and on behalf

of Supreme Cars.

22.    Upon further information and belief, Defendant absconded with the loan

proceeds and converted the funds for his own use.

23.    On June 22, 2015, Defendant, on behalf of Supreme Cars, provided Source

One with two checks totaling $17,760 in order to obtain certificates of title to two

vehicles.

24.    The checks were both returned by Source One's bank due to insufficient

funds in Supreme Cars' account.

25.    Supreme Cars and Defendant subsequently sold the vehicles but the

1-617-502-8201                                                                01:15:01 p.m.    02-12-2016        9/26

Case 16-01023   Doc 9   Filed 02/22/16   Entered 02/22/16 17:07:45   Desc Main
Case 16-01023   Doc 1   Filed 02/18/16   Entered 02/18/16 16:10:04   Desc Main
                        Document        Page 5 of 22

purchase proceeds were not deposited in Supreme Cars' bank account and are otherwise unaccounted for by Defendant.

26.   Upon information and belief, Defendant absconded with the proceeds and converted the funds for his own use.

27.   Upon information and belief, Supreme Cars has no assets and is no longer a going concern.

## FIRST COUNT

*(for a determination that the debt to Plaintiff is non-dischargeable pursuant to § 523(a)(2)(A) of the Bankruptcy Code*

28.   Plaintiff repeats the allegations in paragraphs 1 through 27.

29.   By the actions described above, Defendant obtained money and property from Plaintiff by false pretenses, false representations, and/or actual fraud, other than by statements respecting the Defendant's or Supreme Cars' financial condition.

30.   Bankruptcy Code § 523(a)(2)(A) provides, "a discharge under section 727, 1141, 1228(a), or 1328(b) of this title does not discharge an individual debtor from any debt . . . for money [or] property . . . to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

31.   Defendant's representations, which Plaintiff reasonably relied on, were materially false when made and were made with intent to deceive Plaintiff in order to personally benefit from Plaintiff's retail lending relationship with Supreme Cars.

32.   The debt owed by Defendant in connection with Defendant's above-

1-617-502-8201                                        01:15:13 p.m.    02-12-2016    10/26

Case 16-01023   Doc 9   Filed 02/22/16   Entered 02/22/16 17:07:45   Desc Main
Case 16-01023   Doc 1   Fil Document/16   Page 8 02/26/16 16:10:04   Desc Main
                        Document    Page 6 of 22

described actions is non-dischargeable under 11 U.S.C. § 523(a)(2).

## SECOND COUNT

*(for a determination that the debt to Plaintiff is
non-dischargeable pursuant to § 523(a)(4) of the Bankruptcy Code)*

33.   Plaintiff repeats the allegations in paragraphs 1 through 31.

34.   Defendant wrongfully and intentionally misappropriated Plaintiff's assets

for the Defendant's own personal use.

35.   Bankruptcy Code § 523(a)(4) provides, "a discharge under section 727,

1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor

from any debt . . . for fraud or defalcation while acting in a fiduciary capacity,

embezzlement, or larceny." 11 U.S.C. § 523(a)(4).

36.   The Defendant's actions, as described in this Count, constitute

embezzlement and larceny within the meaning of 11 U.S.C. § 523(a)(4).

37.   The debt owed by Defendant in connection with Defendant's above-

described actions is non-dischargeable under 11 U.S.C. §523(a)(4).

## THIRD COUNT

*(for a determination that the debt to Plaintiff is
non-dischargeable pursuant to § 523(a)(6) of the Bankruptcy Code)*

38.   Plaintiff repeats the allegations in paragraphs 1 through 37.

39.   By the above-described actions, which include stealing monies and other

property from Plaintiff under false pretenses, Defendant willfully and maliciously

caused damage and injury to Plaintiff.

1-617-502-8201                                    01:15:23 p.m.   02-12-2016    11 /26

Case 16-01023   Doc 9   Filed 02/22/16   Entered 02/22/16 17:07:45   Desc Main
Case 16-01023   Doc 1   Filed 02/10/16   Page 9 of 22   02/10/16 16:10:04   Desc Main
                        Document        Page 7 of 22

40.    By the actions described above, Defendant willfully injured Plaintiff, in that

the actions of the Defendant were deliberate and intentional.  By those actions the

Defendant maliciously injured Plaintiff, in that those actions were wrongful and without

just cause and excuse, and in that any person of reasonable intelligence would know that

such actions were wrongful.  Defendant's willful and malicious conduct caused injury to

Plaintiff.

41.    Bankruptcy Code § 523(a)(6) provides, "a discharge under section 727,

1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor

from any debt . . . for willful and malicious injury by the debtor to another entity or to

the property of another entity."  11 U.S.C. § 523(a)(6).

42.    The debt owed by Defendant in connection with Defendant's above-

described actions is non-dischargeable under  11 U.S.C. §523(a)(6).

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests relief as follows:

(a)    an order determining the debt owed by Defendant to Plaintiff is not

dischargeable pursuant to § 523(a)(2)(A) and/or (a)(4) and/or (a)(6) of the Bankruptcy

Code;

(b)    an order awarding Plaintiff the cost and expenses, including reasonable

attorneys' fees and the costs of suit; and

(c) an order awarding Plaintiff such other and further relief as may be just and

proper.

1-617-502-8201

Case 16-01023    Doc 9    Filed 02/22/16    Entered 02/22/16 17:07:45    Desc Main
Case 16-01023    Doc 1    Filed 02/10/16    Page 10 of 26 16:10:04    Desc Main
            Document        Page 8 of 22

01:15:33 p.m.    02-12-2016    12 /26

Respectfully submitted,
SOURCE ONE FINANCIAL CORPORATION

By its attorneys,

/s/ Michael T. Grant
Michael T. Grant, BBO# 677893
LECLAIRRYAN, *A Professional Corporation*
One International Place, 11th Floor
Boston, MA  02110
(617) 502-8200
michael.grant@leclairryan.com

February 10, 2016

1-617-502-8201                                    01:15:39 p.m.    02-12-2016        13 /26

Case 16-01023     Doc 9     Filed 02/22/16     Entered 02/22/16 17:07:45     Desc Main
Case 16-01023     Doc 1     Filed 02/01/16     Entered 02/26/16 16:10:04     Desc Main
                            Document          Page 9 of 22

# EXHIBIT A

1-617-502-8201                                                                01:15:42 p.m.   02-12-2016      14 /26

Case 16-01023   Doc 9   Filed 02/22/16   Entered 02/22/16 17:07:45   Desc Main
Case 16-01023   Doc 1   Filed 02/12/16   Entered 02/26/16 16:10:04   Desc Main
                        Document      Page 10 of 22

## SOURCE ONE FINANCIAL DEALER AGREEMENT

Date: _12 / 08 / 05_

This Agreement is made and entered into between:

Dealership Name: _Supreme Cars_

Address: _157 Ferry St._

City: _Everett_          State: _MA_   Zip: _02149_

(herein called "Dealer") and Source One Financial Incorporated, a Massachusetts business corporation having a principal place of business at 183R Washington Street, Norwell, MA 02061 (herein called "Source One")

Dealer is the originator of certain motor vehicle retail installment sales and/or repair agreements (the "Loan" or "Loans"), which Loans arise out of Dealer's retail sale to or repair of motor vehicles for consumers. Dealer will, from time to time, sell and/or assign said Loans to Source One and Source One will, from time to time, purchase out the rights, obligations, and responsibilities of the parties with respect to the Loans purchased by Source One, and therefore the parties agree as follows:

1.      **APPLICABILITY**

        Notwithstanding any contrary provisions of this Agreement or any Loans sold or assigned hereunder, it is expressly understood and agreed that all Loans sold or assigned by the Dealer to Source One shall be with full recourse by Source One against the Dealer in the event of any default or nonperformance of any of the terms of any said Loan, consistent with and pursuant to the terms of said Loans regarding recourse assignment thereof.

        Unless otherwise specifically agreed in writing in connection with the purchase and sale of one or more Loans, this Agreement shall cover all purchases of Loans by Source One from Dealer.

2.      **PURCHASE PRICE OF LOANS**

        The purchase price of any Loan or Loans acceptable to and purchased by Source One shall be the applicable purchase price as established by Source One at the time of purchase, and Source One shall have no obligation to purchase any Loan or Loans which do not comply with the provisions of this Agreement.

3.      **CONSIDERATION**

Dealer Principal Initials

-1-

1-617-502-8201                                                    01:15:55 p.m.        02-1: -2016              15 /26

Case 16-01023   Doc 9   Filed 02/22/16   Entered 02/22/16 17:07:45   Desc Main
Case 16-01023   Doc 1   Filed 02/16/16   Page 13 of 26 16:10:04   Desc Main
                        Document        Page 11 of 22

In consideration for the purchase of the Loans by Source One, Dealer agrees to sell, assign, convey, transfer, and set over to Source One all of its right, title, and interest in and to the Loans and Loan Documents (as hereafter defined) and all rights conferred thereunder. All assignments shall be in a manner and form acceptable to Source One. The term "Loan Documents" as used herein shall mean contracts of sale, installment contracts, contracts, promissory notes, security agreements, UCC filings, and all other documents and instruments evidencing, securing otherwise relating to the loans.

4.    **REPRESENTATIONS, WARRANTIES, AND COVENANTS OF DEALER**

In consideration of Source One's purchase of any Loans hereunder, Dealer hereby represents, warrants, covenants, and agrees as follows:

A. The Loan Documents will represent a genuine obligation of the named obligor thereon, will be valid and binding in accordance with their terms, will be enforceable by Source One and its assigns, and will be subject to no legal or equitable defenses, setoffs, or counter claims. The obligor of each of the Loans will be of legal age and capacity at the time of the execution thereof.

B. The Loans will have arisen out of the sale or repair of the motor vehicle described in the Loan Documents on the terms described therein, and will not be void or voidable on account of any failure by the Dealer to comply with applicable statutes, rule or regulations governing the sale of motor vehicles by said Dealer.

C. Dealer will have complied with and Loan Documents will be in compliance with all applicable Federal and State laws, rules, and regulations, including but not limited to, the Truth-In-Lending Act, Equal Credit Opportunity Acts, and all Federal and State laws relating to consumer credit transactions.

D. The Loans will not be usurious under applicable laws.

E. Source One, as assignee of the Loans, will have a valid first lien and security interest in the collateral described in the Loan Documents and will be entitled to enforce its rights in the collateral as provided in the Loan Documents. Dealer will deliver or cause to be delivered to Source One all appropriate documents issued by state authorities to evidence Source One's first lien in the motor vehicles used as collateral.

F. Dealer will place in effect or receive appropriate documentation to evidence the existence of all physical damage, credit and other insurance products and warranty and service contracts

Dealer Principal Initial:

1-617-502-8201                                                                                    01:16:10 p.m        02-12-2016        16 /26

Case 16-01023    Doc 9    Filed 02/22/16    Entered 02/22/16 17:07:45    Desc Main
Case 16-01023    Doc 1    FDocumento16    Page 14 of 26/16 16:10:04    Desc Main
                    Document      Page 12 of 22

pursuant to or otherwise reflected in the Loan Documents. These insurance coverages and service contracts will be assigned and promptly delivered to Source One.

G. Dealer will be the sole owner of the Loans and will have the authority to sell, transfer, and assign the same pursuant to this Agreement. The Loan Documents will represent the entire agreement between the Dealer and the obligor with respect thereto and the Loan Documents will not have been modified, superseded, or waived by any act or omission of the Dealer or the obligor.

H. Dealer will promptly forward to Source One any and all communications, inquiries, or remittances relating to the Loans and will assist Source One in the collection of the Loan

I. Dealer will accurately calculate the amount of all taxes and fees due to state authorities in connection with motor vehicle sales and the Loan Documents will reflect the correct amounts of all such taxes and fees. Dealer will be responsible for returning to the obligors under the Loan Documents any excess taxes and fees not paid to state authorities.

J. Dealer will not use Source One's name in advertising or promotion without the express written consent of Source One, which may be withdrawn at any time in the sole discretion of Source One.

K. The individual signing this Agreement on behalf of the Dealer is an individual possessing the requisite skill and experience in the automotive industry to competently assess the business relationship contemplated by this Agreement, has had access to his own independent legal counsel in reviewing and evaluating the terms of this Agreement prior to signing, and is signing this Agreement after an independent determination that the Dealer understands and accepts all of the provisions hereof.

5.    **ASSIGNMENT WITH RECOURSE; REMEDIES FOR BREACH**

A. Notwithstanding any provision of this Agreement to the contrary, all of Dealer's assignment of Loans to Source One shall be with full recourse.

B. Upon breach of any representation, warranty, covenant, or condition of this Agreement as to any of the Loans, including, but not limited to, the terms of sale being exactly as stated, or side notes and/or post dated checks being any part of the down payment, Dealer will on demand, repurchase said Loans. The repurchase price shall be equal to the then remaining unpaid amounts owing with respect to the Loan, including, without limitation, all unpaid

Dealer Principal Initial: _____

-3-

1-617-502-8201                                                                 01:16:25 p.m.      02-12-2016        17/26

Case 16-01023    Doc 9    Filed 02/22/16    Entered 02/22/16 17:07:45    Desc Main
Case 16-01023    Doc 1    Filed 02/02/16    Page 15 of 26 16:10:04    Desc Main
                         Document        Page 13 of 22

principal, accrued and unpaid interest, and all other amounts due and payable under or pursuant to the Loan Documents.

C.  In the event Dealer fails to repurchase any of the Loans purchased pursuant to this Agreement within 15 days of Source One's demand, and Source One undertakes legal action to enforce Dealer's repurchase obligation hereunder, Dealer shall be liable for all costs of such proceedings, including, but not limited to, repossession costs, reasonable court costs, sheriff's fees, and reasonable attorney's fees.

D.  In addition to and without limiting any other rights available to Source One, in the event Dealer fails to repurchase any of the Loans purchased pursuant to this Agreement within 15 days of Source One's demand, Source One may unilaterally reach and apply any funds which Source One may be holding on account for said Dealer against any amounts owed by Dealer to Source One under the terms of this Agreement.  Furthermore, this instrument shall also constitute a security agreement under Article 9 of the Uniform Commercial Code as enacted in the jurisdiction where the Dealer is located.  To further secure the Dealer's obligations under the terms of this Agreement, the Dealer hereby grants to Source One a continuing security interest in all motor vehicle inventory and the proceeds of the sale of any such inventory now or hereafter owned by the Dealer and whether now or hereafter existing. Dealer agrees to execute on demand of Source One all instruments necessary to perfect or continue such security interest and in the event Dealer fails to repurchase any of the Loans purchased pursuant to this Agreement within 15 days of Source One's demand, Dealer hereby grants to Source One full power and authority as attorney irrevocable of the Dealer to execute, deliver and record and/or file such instruments.

6.    AGREEMENT SUPPLEMENTAL TO ASSIGNMENT

The terms and conditions of this Agreement are in addition to and not in substitution or abrogation of the terms and conditions of the form of assignment appearing as part of any of the Loan Documents.

7.    WAIVER OF NOTICES

Dealer hereby waives notice of any breach under any Loan Document.

8.    BENEFIT OF ASSIGNEES

The provisions of this Agreement shall be binding on and shall inure to the benefit of successors, transferees, and assigns of Dealer and Source One.

9.    ENTIRE AGREEMENT

Dealer Principal Initial:_____

-4-

This document (and the terms of any assignment appearing as part of any of the Loan Documents) contains the entire agreement of the parties and cannot be modified except by writing signed by both Dealer and Source One. The parties will do such other things and take such other action as reasonable necessary to carry out the intent of the parties as expresses in this Agreement.

This Agreement supersedes, amends, and restates in its entirety all prior agreements, if any, entered into by and between the parties hereto. Any such prior agreements are merged herein, are separately of no further force and effect and any and all such dealings by and between the parties with regard to the subject matter hereof are governed exclusively by the terms and conditions of this Agreement.

10. **NOTICES**

All notices provided for herein shall be in writing, and may be served in person or by mail and shall be considered delivered, in the case of notice by mail, on the earlier of the date of receipt, or three business days after posting in a correctly addressed envelope with postage prepaid. Notices shall be provided to Dealer and Source One as the case may be at their respective addresses stated on this Agreement until written notice is provided otherwise.

11. **TERMINATION**

Either party on 15 days notice may terminate this Agreement, however, termination shall not affect Dealer's and Source One's obligations as to Loans purchased prior to the date of termination.

12. **NATURE OF RELATIONSHIP**

Nothing in this Agreement shall be deemed to obligate Dealer to offer or sell any Loans to Source One or to obligate Source One to purchase any Loans from Dealer. This Agreement does not constitute Dealer as Source One's agent or representative for any purpose. Dealer is not granted any express or implied right to bind Source One in any manner whatsoever.

13. **GOVERNING LAW**

This Agreement shall be governed by and construed in accordance with the laws of the state in which this Agreement was executed by the Dealer. In the event any provision of this Agreement shall be deemed void or unenforceable in accordance with or pursuant to governing law, said provision shall be deleted from this Agreement and the remaining terms of the Agreement shall continue in full force and effect and be binding on the parties hereto.

Dealer Principal Initial:

-5-

1-617-502-8201    01:16:52 p.m.    02-12-2016    19/26

Case 16-01023    Doc 9    Filed 02/22/16    Entered 02/22/16 17:07:45    Desc Main
Case 16-01023    Doc 1    Filed 02/22/16    Page 17 of 22    Desc Main
Document    Page 15 of 22

14.    **SOURCE ONE DULY ORGANIZED**

Source One warrants that it is a duly organized and valid existing entity and that it is in good standing under applicable laws and regulations of the United States and the state in which this contract is executed by the Dealer, and further that its compliance with this Agreement's terms and conditions will not violate any provisions of its Articles of Incorporation, By-Laws, or any instrument relating to the conduct of its business or any other agreement to which it may be a party.

15.    **DEALER'S INDEMNIFICATION OF SOURCE ONE**

It is expressly understood and agreed that the Dealer will indemnify and hold Source One, its officers, agents, employees, and representatives harmless from any and all damages or cost, including reasonable attorney's fees, arising whether directly or indirectly by reason of breach of any of the terms of this Agreement by the Dealer, or the Dealer's officers, agents, employees, and representatives, or in any way as a result of inaccurate or incomplete loan application or any other documentation prepared by or at the direction of the Dealer and submitted to Source One. The provisions of this paragraph shall remain effective and inure to the benefit of Source One, its officers, agents, employees, or representatives, notwithstanding the expiration, cancellation, termination, or completion of this Agreement.

16.    **CONFIDENTIALITY OF INFORMATION**

From and after the date hereof, the Dealer agrees to retain and hold confidential all information which from time to time is provided by Source One to the Dealer which may disclose or reveal, either orally, in writing, or by inspection, proprietary information or confidential business processes, systems, formulae, financial statements or other financial data relating to the business, costs, marketing use of product or services, sources, strategic plans, the identity of confidential or proprietary information developed or supplied by Source One, and that is not generally ascertainable from public information (all foregoing being hereinafter referred to collectively as the "Confidential Information"). Confidential Information shall not include information which (i) is or becomes public knowledge otherwise than through the conduct or disclosure of the Dealer or the dealer's agents; (ii) is in the rightful possession of the Dealer prior to receipt from Source One; and (iii) is approved for disclosure in explicit written consent from Source One to the Dealer prior to its disclosure by the dealer.

17.    **TERMS APPLICABLE TO ASSIGNMENT OF LOANS**

The following terms shall apply to the procedures by which Source One will accept and fund approved Loans offered by the Dealer; which procedures shall be subject to modification at Source One's sole discretion upon written notice to Dealer:

Dealer Principal Initial: _____

-6-

1-617-502-8201    01:17:09 p.m.   02-12-2016   20/26

Case 16-01023   Doc 9   Filed 02/22/16   Entered 02/22/16 17:07:45   Desc Main
Case 16-01023   Doc 1   Filed 02/22/16   Entered 02/22/16 16:10:04   Desc Main
     Document      Page 16 of 22

A. Until the termination of this Agreement, the Dealer may make available to Source One or its designated representative certain motor vehicle purchase or repair Loans which the Dealer has originated, and shall provide to Source One with each said Loan copies of the customer's application, credit report, purchase contract, and any related documents pertaining to said Loan which Source One may require.

B. Source One may approve, accept, and agree at its sole discretion to purchase some or all of automobile purchase or repair Loans offered by Dealer at the applicable purchase price as established by Source One at the time of purchase, and Source One shall have no obligation to purchase any Loan or Loans which do not comply with the provisions of this Agreement. Said pricing shall be determined utilizing the form attached hereto as <u>Exhibit A</u> and incorporated herein by reference, entitled "How Our Deals Are Structured".

C. The submission of any Loan instrument and supporting documentation to Source One by the Dealer shall constitute a full and complete warranty by the Dealer of compliance with all applicable statutes and regulations relating thereto and that said Loans shall be valid and enforceable instruments under said statutes and regulations.

D. In the event through discovery by either Source One or the Dealer that false documentation, evidence of fraud, misrepresentation, non-performance, default, or any contingency may affect or prejudice the validity or enforceability of any Loan or related document assigned or tendered to or purchased by Source One from the Dealer, the Dealer shall immediately repurchase and accept the reassignment of said Loan from Source One to the Dealer and hold Source One harmless from any and all costs or liabilities arising therefrom.

E. The Dealer shall retain responsibility for all Loans assigned to Source One and shall guarantee timely performance of its terms and payment of amounts due thereunder to Source One. The Dealer shall provide full and sufficient sums as provided for to Source One, in accordance with the applicable agreement of purchase executed between the Dealer and Source One, for each loan purchased and securing such agreement of purchase. In the event of a default under the terms of any Loan, Source One shall endeavor to enforce collection of said Loan in accordance with the provisions of the form attached hereto as <u>Exhibit B</u> and incorporated herein by reference, entitled "What Happens When A Loan Goes Bad"; <u>provided, however</u>, that nothing in the attached Exhibit B shall relieve the Dealer from primary responsibility for collection of said Loan and the costs of collection pursuant to the terms of this Agreement, and further provided that in the event that the Dealer considers itself insecure with respect to any particular Loan on account of any default thereunder or delay in collection thereof, as between the Dealer and Source One the Dealer shall be solely responsible for determining what if any action should be taken by either the Dealer or Source

Dealer Principal Initial:

1-617-502-8201

Case 16-01023    Doc 9    Filed 02/22/16    Entered 02/22/16 17:07:45    Desc Main
Case 16-01023    Doc 1    Filed 02/22/16    Entered 02/22/16 16:10:04    Desc Main
Document    Page 17 of 22

01:17:25 p.m.    02-12-2016    21/26

One on account for the Dealer with respect to collection or acceleration of collection efforts regarding said Loan.

F.  If the Dealer fails to fulfill its responsibility under the terms of this Agreement, then the Guarantor named hereunder shall without necessity for notice or demand immediately become directly liable to Source One for the performance of all of the Dealer's obligations hereunder, including without limitation the obligation to provide full and sufficient sums to Source One, in accordance with the applicable agreement of purchase executed between the Dealer and Source One for each loan purchased and securing such agreement of purchase.

G.  The undersigned Dealer hereby agrees to sell, assign, transfer, and convey to Source One, its successors and assigns, all Loans sold by the Dealer to Source One, together with all the right, title, and interest of the Dealer in and to the motor vehicle described in said Loans and all rights and remedies thereunder, including the right to collect all installment due thereunder and the right, either in the name of Source One and/or its Assignee or the Dealer, at Source One's election. The Dealer hereby guarantees to Source One and any Assignee full, prompt and faithful performance and observance by the said Loans of all terms, covenants, and conditions. The Dealer and the undersigned Guarantor do hereby waive any and all notice or requirements of notice of default of the obligor in the performance or observance of any of the said terms, covenants, and conditions of any Loan, or against any other security or party to secure Source One's (or its Assignee's) satisfaction of any damages by reason of non-performance or non-observance by the obligor of said terms, covenant, and conditions. Without in any way limiting the generality of anything herein contained, no failure on the part of Source One to take action with respect to said property or to protect or safeguard said property or any interest therein of Source One or Dealer shall relieve the Dealer or the Guarantor in any way from liability under this guaranty. The Dealer does hereby further agree that Source One (or its Assignee) shall have the right, at its election, at any time and from time to time to extend or postpone the time for the performance or observance of or to modify or amend or to grant any indulgence with respect to all or any of the terms, covenants, or conditions of the said Loan on the part of the obligor to be performed or observed and no such extension or postponement of time, modification, amendment, or granting of any such indulgences shall relieve the Dealer or the Guarantor to any extent from its liability and obligations hereunder.

H.  In the event the Dealer does not fund any loans for a period of sixty (60) days, the account will become INACTIVE. If the account is still inactive when all payments are received for the active loan(s) and Source One has received all payments due, the remainder will be paid in a lump sum to the Dealer. However, in the event that the payment history for the Dealer account demonstrates a positive cash flow on the account, then monthly payments will be made to the Dealer. Source One will hold a minimum of 25% of the amount owed against potential losses-unless historical losses are higher-and pay the rest to the Dealer monthly.

Dealer Principal Initial: _____

-8-

1-617-502-8201                                                      01:17:43 p.m.      02-12-2016        22 /26

Case 16-01023    Doc 9    Filed 02/22/16    Entered 02/22/16 17:07:45    Desc Main
                                    Document      Page 20 of 26
Case 16-01023    Doc 1    Filed 02/10/16    Entered 02/10/16 16:10:04    Desc Main
                                    Document      Page 18 of 22

I.  If the Dealer account holds a negative balance, that account will be charged interest on a daily basis in the maximum amount permitted by law until it is brought current.

By the signing of this Agreement, the Dealer and the Guarantor agree to the provisions and guarantees and also to hold Source One harmless from any claim, suit, or other action brought by any purchaser, debtor, co-debtor, or others resulting or arising from any action taken by the Dealer in connection with the terms of this Agreement and/or affiliated or associated contractual transactions.

In Witness Whereof, the parties have hereto set their duly authorized hands and seals as of the day and date first above written.

_Supreme Cars_
Dealership Name

By:  Authorized Individual/Title

Source One Financial, Inc.

By:  Authorized Individual/Title

Individual Guarantor

Individual Signature

Dealer Principal Initial:

-9-

1-617-502-8201                                                               01:17:52 p.m.      02-12-2016        23 /26

Case 16-01023    Doc 9    Filed 02/22/16    Entered 02/22/16 17:07:45    Desc Main
                          Document        Page 21 of 26
Case 16-01023    Doc 1    Filed 02/10/16    Entered 02/10/16 16:10:04    Desc Main
                          Document        Page 19 of 22

## EXHIBIT B

1-617-502-8201 Case 16-01023 Doc 9 Filed 02/22/16 Entered 02/22/16 17:07:45 Desc Main   24 /26

01:17:56 p.m. 02-12-2016

Case 16-01023 Doc 1 Filed 02/10/16 Entered 02/10/16 16:10:04 Desc Main
Document Page 20 of 22

## PROMISSORY NOTE

**$50,0000.00**         Norwell , Massachusetts
                June 4, 2015

**FOR VALIUE RECEIVED**, The undersigned , **Romolo Aguiar 19 One Salem Street Swampscott, MA 01907 and Supreme Cars, Inc.**, 3 Everett Street, Everett MA 021419 hereby promise to pay to:

**Source One Financial Corporation**, (the "Lender"), whose address is **183R Washington Street Norwell MA 02184** the principal amount of Fifty Thousand **Dollars ($50,000.00)** or such portion thereof as may have been advanced by the Lender and remains outstanding from time to time thereunder ("Principal"), with interest, at the rate hereinafter set forth, on the daily balance of all unpaid Principal, from the date hereof until payment in full of all Principal and interest hereunder.

Interest on all unpaid Principal shall be due and payable at the rate of 18% per annum. The note is to be paid in 10 monthly installment of $5,000.00 starting on 7/1/2014 and every month thereafter until paid in full.

All outstanding Principal of this note and all interest accrued thereon shall be due and payable in full on the Expiration Date, which is March 1, 2016.

Every maker, endorser, and guarantor hereof, or of this indebtedness evidenced hereby (a) waives notice of and consents to any and all advances, settlements, compromises, favors, and indulgences (including without limitation, any extension or postponement of the time for payment), any and all receipts, substitutions, additions, exchanges and releases of collateral, and any and all additions, substitutions, and releases of any person primarily or secondarily liable, and (b) waives presentment, demand, notice, protest, and all other demands, notices and suretyship defenses generally, in connection with the delivery, acceptance, performance, default or enforcement of or under this note.

As security for the performance of the obligations of this Promissory Note, **Romolo Aguiar 19 One Salem Street Swampscott, MA 01907 and Supreme Cars, Inc. 3 Everett Street, Everett MA 021419**, hereby assign to the Lender the "Dealer Reserve" for each outstanding Retail Installment Contract ("RIC") purchased by **SOURCE ONE FINANCIAL CORPORATION**, as reflected in the RIC's and Partial Purchase Agreements and Assignments for each outstanding RIC up to the total amount owed to Lender under this Promissory Note as reflected in **Exhibit 1**.

Executed as an instrument under seal as of the day and year first above written.

1-617-502-8201                                                01:18:10 p.m.    02-12-2016      25/26

Case 16-01023    Doc 9    Filed 02/22/16    Entered 02/22/16 17:07:45    Desc Main
Case 16-01023    Doc 1    Filed 02/10/16    Entered 02/10/16 16:10:04    Desc Main
                Document        Page 21 of 22

Romolo Aguiar, Individually

DATE: _6-4-15_

Romolo Aguiar, as President Supreme Cars. LLC

DATE: _____

Michael Parsons

DATE: _6/4/15_

Use of Funds

Payment of contract  September 19, 2014       $11,014.83  — MA0240-018933
Payment on contract MA0240-023264            $ 9,760.00
Payment on contract MA0240-022153            $8,000.00

Balance by check                             $21,225.17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants as of this date.

/s/ Michael Grant

FEBRUARY 15, 2016

## RETURN OF SERVICE

*I this day summoned the within named* ROMULO A RODRIGUES-AGUIAR

*to appear as within directed by*          (2) ATTEMPTS, NO ANSWER AT DOOR. COPY
LEFT TAPED TO DOOR, SECOND COPY
MAILED.

**X**   *leaving at last and usual place of abode, to wit:*

*No.*      19 ONE SALEM ST
*in the city/town of* SWAMPSCOTT, *an attested copy of the SUMMONS IN AN ADVERSARY
PROCEEDING, COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT, EXHIBITS "A"
AND "B", AND CERTIFICATE OF SERVICE*

*Service and travel*    $    84

_____

Process Server/**MS**

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants as of this date.

/s/ Michael Grant